IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK WAYNE JACKSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-1604 |
| | ) | |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS; SUPERINTENDANT | ) | |
| BRIAN COLEMAN; MR. LOZADA; | ) | Re: ECF No. 14 |
| MS. HALL; MR. CAMPBELL; ALBERT | ) | |
| RIORDAN; SCI FAYETTE MEDICAL | ) | |
| DEPARTMENT, | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Derek Wayne Jackson ("Plaintiff"), an inmate at the Pennsylvania State Correctional Institution at Greene ("SCI – Greene"), has presented a civil rights complaint alleging that Defendants violated his constitutional rights by failing to intervene and otherwise protect him from an inmate assault. Plaintiff also alleges that Defendants violated his rights by committing negligence in the provision of medical care. (ECF No. 7).

Presently before this Court is Plaintiff's Motion for Reconsideration (ECF No. 14) of this Court's Order denying Plaintiff's Motion for Appointment of Counsel (ECF No. 11). Plaintiff first petitioned this Court for the appointment of counsel on January 8, 2015 (ECF No. 8). In an Order dated January 22, 2015 (ECF No. 11), Plaintiff's request was denied. Plaintiff's seeks reconsideration because he alleges that he is "severely mentally ill, diagnosed with schizophrenia, prescribed antipsychotic medication and housed in a residential treatment unit with a maximum security setting due to the seriousness of his disease." (ECF No. 14). Plaintiff

further alleges that he "is disabled and unable to participate in a meaningful and intelligent manner." Id. Plaintiff's motion requires the Court to again determine whether or not, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent Plaintiff in the prosecution of this action.

In light of Plaintiff's allegations regarding his purported disability, the Court has considered his Motion for Reconsideration pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure. See, Powell v. Symons, 680 F.3d 301m 303, 307 (3d Cir, 2012).

Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." Id. The court "need not inquire *sua sponte* into a *pro se* plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." Id. at 303 (citations omitted). The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court. See id.

Contrary to Plaintiff's claims that he is incapable of litigating this action without the appointment of counsel, the Court notes that a review of the docket in this matter demonstrates that Plaintiff has appropriately litigated this matter to date and appears sufficiently articulate and capable of appropriate legal argument. Moreover, Plaintiff has not provided any documentation in support of his allegation in the way of verifiable evidence from a mental health professional demonstrating that he is or has been treated for mental illness of the type that would render him legally incompetent. Nor is there evidence that Plaintiff has been adjudicated incompetent by

any court. The Court finds that, under the circumstances, the evidence does not suffice to conclude that Plaintiff is incompetent. Inasmuch as there is no substantial question regarding the competence of Plaintiff, it is not necessary to conduct a Rule 17(c) competency hearing. For these reasons, the Court finds Plaintiff is currently competent and declines to appoint counsel to represent his interests.

Further, it does not appear that Plaintiff has offered the Court any other basis for exercising its discretion to appoint counsel that has not already been considered.

Therefore, for the reasons set forth in the Court's Order dated January 22, 2015, and because consideration of the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), does not warrant the appointment of counsel in this instance, we decline to exercise our discretion to appoint counsel for plaintiff in the prosecution of this action. See Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997).

AND NOW, this 16th day of March 2015, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration [ECF No. 14] is DENIED without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street,

Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE


cc:     All counsel of record via CM/ECF

        Derek Wayne Jackson
        GO-3151
        SCI Greene
        175 Progress Drive
        Waynesburg, PA 15370