IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK WAYNE JACKSON,<br>     Plaintiff,<br><br> vs.<br><br>PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS; SUPERINTENDANT<br>BRIAN COLEMAN; MR. LOZADA;<br>MS. HALL; MR. CAMPBELL; ALBERT<br>RIORDAN; SCI FAYETTE MEDICAL<br>DEPARTMENT,<br>     Defendants. | Civil Action No. 14-1604<br><br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF Nos. 24, 28, 30, 39 |

## **MEMORANDUM ORDER**

  Plaintiff Derek Wayne Jackson ("Plaintiff"), currently an inmate at the Pennsylvania State Correctional Institution at Greene ("SCI – Greene"), has presented a civil rights complaint alleging that Defendants violated his constitutional rights by failing to intervene and otherwise protect him from an inmate assault that occurred while he was incarcerated at the State Correctional Institution at Fayette ("SCI – Fayette"). Plaintiff also alleges that Defendants violated his rights by committing negligence in the provision of medical care. (ECF No. 7).

  Presently before this Court are Defendants' Partial Motion to Dismiss (ECF No. 24), Plaintiff's Motion for Reconsideration (ECF No. 28) of this Court's Order denying Plaintiff's prior Motion for Appointment of Counsel (ECF No. 11), and Plaintiff's Motion for a Subpoena for the Production of Video Evidence (ECF No. 30).

1

On May 12, 2015, this Court heard argument on each of the pending Motions, with Plaintiff appearing by video link. Plaintiff capably and ably articulated the basis for each of his pending motions and his grounds for opposition to the Partial Motion to Dismiss. For the reasons set forth below, the Partial Motion to Dismiss (ECF No. 24) is granted without prejudice to permit the Plaintiff to file an Amended Complaint; the Motion for Reconsideration of this Court's Order regarding appointment of counsel (ECF No. 28) is granted; and the Motion for a Subpoena for Production of Video Evidence (ECF No. 30) is granted in part.

**A. Defendants' Partial Motion to Dismiss**

Defendants present two bases for the partial dismissal of Plaintiff's Complaint. First, Defendants contend that Plaintiff has insufficiently pled facts establishing liability pursuant to 42 U.S.C. § 1983 as to Defendants Campbell and Coleman. Second, Defendants argue that Plaintiff cannot maintain a Section 1983 action against two named Defendants, the Pennsylvania Department of Corrections and the SCI-Fayette Medical Department, because they are not "persons" within the meaning of 42 U.S.C. § 1983.

As the Court indicated during the hearing of this matter, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, building upon the landmark United States Supreme Court decisions in Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to

determine the sufficiency of a complaint: first, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Iqbal, 556 U.S. at 675, 679). The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." Id. at 210–11; see also Malleus, 641 F.3d at 560. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. Fowler, 578 F.3d at 212; see also Guirguis v. Movers Specialty Servs., Inc., 346 F. App'x. 774, 776 (3d Cir. 2009). In short, a motion to dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. Twombly, 550 U.S. at 563, n.8.

### 1. Claims as to Defendants Campbell and Coleman

In this case, Plaintiff fails to allege any specific facts in the Complaint relative to Defendants Campbell and Coleman sufficient to establish a claim against them. Defendant Campbell is a Lieutenant at SCI-Fayette and Defendant Coleman is the Superintendent of the

3

facility. Plaintiff's constitutional claims are brought pursuant to Section 1983, which provides that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). Personal involvement in the alleged wrongdoing may be shown "through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). See Ruff v. Health Care Adm 'r, 441 F. App'x 843, 846 (3d Cir. 2011) (per curiam) ("[t]o be liable under § 1983, a defendant must have some personal involvement in the underlying unconstitutional conduct"). See also Kaucher v. County of Bucks, 455 F.3d 418, 432 n. 7 (3d Cir. 2006), quoting Estate of Smith v. Marasco, 430 F.3d 140, 151 (3d Cir. 2005) ("[i]n order to prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights").

During the hearing of this matter, Plaintiff stated the basis for his claims against both Defendant Coleman and Defendant Campbell. This Court explained the applicable law and that Plaintiff has not alleged sufficient facts in the Complaint to state a claim against these Defendants. Plaintiff indicated that he understood that his Complaint fails to allege facts establishing claims against them.

**2. Claims as to Defendants Pennsylvania Department of Corrections and SCI Fayette Medical Department.**

Plaintiff has identified the Pennsylvania Department of Corrections and SCI-Fayette Medical Department as Defendants in this action. However, a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has

4

consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978): see also Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977) (holding that the parole board could not be sued because it is not a person within the meaning of § 1983). A prison or correctional facility is not a "person" within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97–0043, *slip op.* at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, 1995 WL 92370, *1 (E.D. Pa. 1995). It has been similarly recognized that a department within a prison "may not be sued under 42 U.S.C. § 1983 since it is not a person." Fischer, 474 F.2d at 992; see also Thompkins v. Jane Doe, No. 99–3941, slip op. at 2–3 (3d Cir. March 16, 2000); Stanley v. Delaware Co. Medical Dept., 1991 WL 29928 *1 (E.D.Pa.1991) (concluding that the prison medical department is clearly not a person for purposes of § 1983).

Pursuant to the above standards, the Pennsylvania Department of Corrections and the SCI-Fayette Medical Department are not persons and may not be sued under § 1983.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Defendants Coleman and Campbell is granted without prejudice to the filing of an Amended Complaint, which sets forth all facts supporting all claims against all parties to this action. The Defendants' Motion to Dismiss Defendants Pennsylvania Department of Corrections and SCI-Fayette Medical Department is granted with prejudice. Plaintiff shall be afforded sixty days to file his Amended Complaint, which shall be stayed pending the appointment of counsel, as set forth *infra*.

### B. Motion for a Subpoena for the Production of Video Evidence

Plaintiff has filed a motion seeking the issuance of a subpoena requiring the production of any video evidence that may exist relative to the assault he suffered in the dining facilities at

SCI-Fayette on October 28, 2013, and a motion to produce the video recordings. (ECF Nos. 30, 39). During the hearing of this matter, Plaintiff presented testimony that the dining facility has four cameras, all of which should have captured the assault at issue. Plaintiff seeks production of the video footage, which he asserts will establish that Defendants Lozado and Hall stood and watched the assault, without intervening to assist him, and thus caused him to be repeatedly punched in the head, ribs, and back, kicked in the testicles, and then stabbed with kitchen utensils.

Defendants have provided counsel with a note stating "[t]here was no video of the Incident. I/M on I/M assault." ECF No. 36-1. Given the conceded presence of four cameras in the dining facility, and the likelihood that video documented the incident at issue, IT IS HEREBY ORDERED that Plaintiff's Motions relative to the videos, ECF Nos. 30 and 39, are granted in part. Counsel for Defendants shall forthwith and without delay conduct further investigation to confirm with Defendants as to where the cameras were located, whether the cameras were recording on October 28, 2013, and whether video evidence of the incident exists or existed at any point in time. Defendants shall file an Affidavit setting forth all steps taken to locate the video evidence and any policies and procedures implicated by the failure to preserve such evidence, if video evidence cannot be located.

Defendants are ordered to serve Plaintiff with a supplemental response to this discovery request by June 1, 2015. Defendants are further ordered to file the supplemental response on the docket as a "Response to Order of Court" by June 1, 2015.

### C. Motion for Reconsideration of Plaintiff's Motion for Appointment of Counsel

Plaintiff first petitioned this Court for the appointment of counsel on January 8, 2015. (ECF No. 8). In an Order dated January 22, 2015, Plaintiff's request was denied. (ECF No. 11).

Plaintiff then sought reconsideration alleging that he is "severely mentally ill, diagnosed with schizophrenia, prescribed antipsychotic medication and housed in a residential treatment unit with a maximum security setting due to the seriousness of his disease." (ECF No. 14). Plaintiff further alleged that he "is disabled and unable to participate in a meaningful and intelligent manner." Id.

In light of Plaintiff's allegations regarding his purported disability, the Court considered his Motion for Reconsideration pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure. See, Powell v. Symons, 680 F.3d 301, 303, 307 (3d Cir. 2012). However, Plaintiff failed to present evidence from an appropriate court of record or a relevant public agency indicating that he had been adjudicated incompetent; nor had Plaintiff presented evidence from a mental health professional demonstrating that he is being or has been treated for mental illness of the type that would render him legally incompetent. In addition, the Court determined that contrary to his claims that he is incapable of litigating this action without the appointment of counsel, the docket in this matter demonstrates that Plaintiff has appropriately litigated his claims and appears sufficiently articulate and capable of appropriate legal argument. Accordingly, on March 16, 2015, this Court issued a Memorandum Order denying Plaintiff's Motion for Reconsideration. (ECF No. 23).

On March 31, 2015, Plaintiff filed a "Motion to Reconsider Motion for Reconsideration of Counsel." (ECF No. 28). Plaintiff produced Montgomery County Emergency Services records from 2001-2004, which he was in his teens. The records document that Plaintiff was repeatedly hospitalized for behavioral issues and disordered thinking related to his eventual diagnosis of schizophrenia and a bipolar disorder. (ECF No. 28-1). Given the severity of these conditions, the Court revisited Plaintiff's request to determine whether evidence exists of a current diagnosis

7

that establishes psychosis and disordered thinking that would impair his ability to represent himself in this action.

On April 1, 2015, the Court issued an Order directing counsel for Defendants to facilitate Plaintiff's execution of a consent form authorizing the release of Plaintiff's medical and psychiatric records for the past three years. Upon execution of the release, Defendants submitted a copy of the records to the Court for *in camera* inspection. Review of Plaintiff's mental health records establishes that Plaintiff currently suffers from serious mental illness, for which he receives medication and participates in professional and peer counseling. At the hearing of this matter, Plaintiff revealed that he recently sought and was granted a change in his medication to reduce side effects, but Plaintiff is frequently distracted by voices and images and cannot control these episodes. Plaintiff stated that he attends library sessions as permitted and spends time in the gym, but does not attend classes because he cannot read more than a few pages and believes he is dyslexic.

During the hearing before this Court on May 12, 2015, Plaintiff was articulate and understood all matters presented and was able to discern nuances of Defendants' arguments and respond accordingly. However, the Court is concerned that Plaintiff's reading ability appears limited and accepts his testimony that reading for more than two to three pages is quite challenging for him. Plaintiff candidly admits that he suffers frequent delusions, which can be exacerbated by visually concentrating for an extended period of time.

Plaintiff advised the Court that he has a pending federal habeas action relating to his homicide conviction in Montgomery County. He also stated that counsel has been appointed by the United States District Court for the Eastern District of Pennsylvania in that case. See, Jackson v. Coleman, No. 13-5932 (ECF No. 22) (E.D. Pa. April 14, 2015). A review of the

record in that matter reveals that Plaintiff's mental illness was the basis for the appointment of counsel. In this instance as well, it would appear that the appointment of counsel is warranted to assist Plaintiff in the pursuit of the pending action.

Plaintiff was advised of the likely delays occasioned by the appointment of counsel and agreed that such delays were not unexpected or unreasonable. Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration for Appointment of Counsel (ECF No.28) is granted.

IT is further ORDERED that this case is hereby stayed pending the location and appointment of counsel for the Plaintiff. As such, the requirement of Plaintiff filing an Amended Complaint is stayed. However, Defendants are to comply with the Court's Order regarding the production of video evidence by June 1, 2015.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 15, 2015

cc: All counsel of record via CM/ECF

    Derek Wayne Jackson
    GO-3151
    SCI Greene
    175 Progress Drive
    Waynesburg, PA 15370